**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **BARBARA LAEPPLE** | § | |
|     **Plaintiff,** | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **EAST TEXAS MEDICAL CENTER** | § | |
|     **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

THE HONORABLE JUDGE OF SAID COURT:

### I.  SUMMARY OF THE ACTION

1.      This is an action for damages and equitable relief under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. It seeks to recover benefits for BARBARA LAEPPLE pursuant to Defendant's employee injury plan and also for statutory damages.  Plaintiff also seeks damages for her workplace injury from Defendant.

### II.  JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action by virtue of 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. The action is brought pursuant to ERISA §§ 502 and 510, 29 U.S.C. §§ 1132, 1140.

3.      This Court has personal jurisdiction over the defendant because it does business in the Eastern District of Texas.

4.      Venue is proper here, under ERISA § 502(e), 29 U.S.C. § 1132(e), because the denials of benefits took place in part in this district and the defendant may be found in this district.

### III.  PARTIES

5.      Plaintiff, BARBARA LAEPPLE is an individual residing in Tyler, Smith County, Texas.

6.      Defendant, EAST TEXAS MEDICAL CENTER has continuously been and is now a Texas non-profit hospital corporation doing business in the Eastern District of Texas.  Defendant's registered agent for service is Elmer G. Ellis, 1000 South Beckham St., Tyler, TX 75701, where process may be forwarded.

### IV. FACTS

7.      Plaintiff was an eighteen (18) year employee of Defendant, EAST TEXAS MEDICAL CENTER (ETMC).  Plaintiff was employed by ETMC in its Tyler, Texas main hospital as a registered nurse.

8.      On or about May 11, 2015, Plaintiff sustained an injury to her right shoulder in the course and scope of her employment with East Texas Medical Center when she was lifting a patient up in bed (the "Injury").  The Injury consisted mainly of a torn rotator cuff and resulted in a surgery in June, 2015.

9.      As a result of the Injury, Plaintiff sought and received wage replacement and medical benefits (collectively referred to as the "Benefits") under the East Texas Medical Center Employee Injury Benefit Plan (the "Plan").[1]

10.      Plaintiff was treated by a Plan doctor that assessed her in January, 2016 and determined that she had reached maximum medical improvement ("MMI") and released her to return to work with limitations.  Defendant refused to return Plaintiff back to her position as a registered nurse and terminated her employment.

11.      Plaintiff alleges that she is still qualified to receive benefits under the Plan, but has been

---

[1] See: Exhibit A – Summary Plan Description

denied the benefits due her under the Plan with ETMC.[2]  The denial of benefits under the Plan was affirmed by the Plan Review Committee.[3]  Plaintiff would show the Court that she is entitled to the disability/injury benefits under the plan with ETMC.

12.     Plaintiff has exhausted all administrative remedies available to her under the employee injury plan with ETMC.

13.     Part of Plaintiff's job was to manage, supervise and\or physically assist as necessary other ETMC workers in moving/assisting patients. ETMC had not and/or did not provide Plaintiff with any experienced assistance, special equipment, and/or specific training to accomplish her duties which required the movement/transfer of patients.

## V. CAUSES OF ACTION

## A. ERISA VIOLATION

14.     The Plaintiff is a "participant" in an ERISA plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7). In the alternative, the Plaintiff is a "beneficiary" in an ERISA plan within the meaning of ERISA § 3(8), 29 U.S.C. § 1002(8). The long term disability plan is an ERISA plan. Its benefit and beneficiaries are identifiable, its benefits are paid pursuant to an ongoing administrative scheme, and there are procedures for receiving the benefit. Its payment is triggered by the employee's disability, as defined by the plan and it exists for the benefit of the employees of ETMC. As such, it qualifies as an ERISA plan.  Plaintiff has accrued benefits under the long term disability plan as to which she is entitled.  The Plaintiff wrongly has been denied the benefits to which she is entitled.  ETMC's denial of benefits under the Plan, was arbitrary, capricious, and an abuse of discretion.

---

[2] See: Exhibit B – Adverse Benefit Determination
[3] See: Exhibit C – Plan Review Committee Determination

15.     Prior to filing this action, Plaintiff has satisfied all conditions precedent applicable to her claims, has complied with contractual prerequisites required of her by the subject policy of insurance and has made formal written demand for payment of all benefits due under such policy.

## B. NEGLIGENCE

16.     Defendant ETMC is liable for negligence. ETMC had a clear duty to exercise ordinary care and maintain a safe workplace for its employees. ETMC breached that well established duty in one or more of the following ways, including, but not limited to, the following:

    a.    Failing to provide Plaintiff with appropriate assistance so that she could safely perform all her job duties;

    b.    Failing to provide Plaintiff with adequate equipment to perform her duties;

    c.    Failing to provide adequate training to the group of  workers who were required to assist Plaintiff in performing her duties; and/or

    d.    Failing to maintain a safe working environment.

17.     As a proximate cause of said ETMC's negligence, Plaintiff suffered serious injuries and damages.

18.     At all relevant times, the individuals, persons, employees and/or agents of ETMC who failed to maintain a safe working environment were also acting in the course and scope of their employment with ETMC. As such, ETMC is vicariously liable for those negligent acts under the theory of respondeat superior.

19.     As a nonsubscriber under the current Texas Workers' Compensation Scheme, ETMC cannot allege common law defenses against Plaintiff.  Plaintiff is entitled to recover 100% of her damages if ETMC is found to be 1% at fault.

## C. AMERICANS WITH DISABILITIES ACT

20.     From the time of Plaintiff's injury, Plaintiff has been an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. § 12102(2).  More particularly, Plaintiff has a physical impairment that substantially limits one or more of her major life

activities, has a record of such an impairment, and is regarded by ETMC as having such an impairment.

21.     Plaintiff is a "qualified individual with a disability" as that term is defined in § 101(8) of the ADA, 42 U.S.C. § 12111(8).  More specifically, Plaintiff is an individual with a disability who, with reasonable accommodation, can perform the essential functions of her job at ETMC.

22.     Despite requests, ETMC refused to make reasonable accommodation to Plaintiff.

23.     ETMC's failure to make reasonable accommodation to Plaintiff's physical disability constitutes discrimination against Plaintiff with respect to terms, conditions, or privileges of employment.  ETMC's actions constitute a violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A).

24.     ETMC failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation with Plaintiff.

25.     ETMC committed acts of retaliation against Plaintiff by reason of her doctor's job restrictions.

26.     In failing to make reasonable accommodation to Plaintiff's physical disability, ETMC acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

### D.  FMLA RETALIATION

27.     The Department of Labor ("Department") has made clear through a legislative regulation (i.e., one issued pursuant to specific congressional authorization and after notice and comment) at 29 C.F.R. 825.220(c) that retaliation against an employee for exercising his or her FMLA rights is prohibited. Section 825.220(c) states that the statutory prohibition against interference in 29 U.S.C. 2615(a)(1) includes a prohibition against retaliation for the exercise of an employee's FMLA rights, and further states that an employer may not use the taking of FMLA leave as a negative factor in employment decisions. Thus, section 825.220(c) prohibits retaliation for the exercise of one's FMLA

rights, and does so even when the exercise of those FMLA rights is only a motivating factor in the retaliation. This regulation is entitled to controlling deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984), because the FMLA is ambiguous regarding the exact nature of the protections it affords employees, specifically in regard to retaliation for exercising one's FMLA rights, and because section 825.220(c) is a reasonable construction of the statute. Plaintiff alleges that her exercise of her FMLA rights was a motivating factor in Defendant's decision to terminate her employment.

## VI. DAMAGES

28.     As a proximate cause of Defendant's negligence, Plaintiff has suffered personal injuries and damages. Specifically, Plaintiff suffered injuries to her right upper extremity, right shoulder, neck and body generally which has required surgery and therapy. Plaintiff is entitled to  the following damages: (1) Physical pain and mental anguish in the past and future; (2) Physical  impairment in the past and future; (3) Medical expenses in the past and future; and (4) Lost earnings and lost earning capacity in the past and the future. Plaintiff also seeks to recover pre-judgment and post-judgment interest, as well  as court costs.

29.     Additionally, as a result of Defendant's conduct, Plaintiff seeks compensation for the following elements of special damage, both past and future:

a)      Payment of benefits under ERISA;

b)      Lost interest or appreciation on monies or assets used to satisfy costs or obligations which should have been paid under the policy or resulting from the failure to pay claims under the policy in a timely manner;

c)      Lost wages and benefits;

d)      Reasonable and necessary attorney fees;

e)      Costs of Court and the expenses of litigation;

f)      Pre- and post-judgment interest;

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer herein and that on final trial hereof Plaintiff have judgment against Defendant as follows:

a)      For the benefits payable under the employee benefit plan made the basis of this suit;

b)      For all applicable statutory penalties;

c)      Lost wages and benefits;

d)      For reasonable and necessary attorney's fees, costs of Court and expenses of litigation;

e)      For pre- and post-judgment interest at the maximum lawful rates;

f)      For such other and further relief to which Plaintiff may be justly entitled, at law or in equity, for which she will ever pray.

Respectfully submitted,

_____/s/_____
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM
1404 Rice Road, Suite 200
Tyler, Texas 75703
(903) 596-7100
(469) 533-1618 Facsimile

ATTORNEY FOR PLAINTIFF